[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff William Daley to foreclose a judgment lien on property known as 44 Orchard Street in the town of Milford. The subject property was at one time owned jointly with the right of survivorship by Alexander Constantini and the defendant Patricia Constantini. During the period of their joint ownership an attachment was placed upon the interest of Alexander Constantini by the plaintiff herein. Subsequently, the Constantini's marriage was dissolved and as part of the dissolution Alexander Constantini's interest in the property was transferred to the defendant Patricia Constantini. The transfer of title was subject to a mortgage, attachments and judgment liens as appear of record.
The attachment was dated and recorded on March 19, 1987. The decree of Dissolution assigning the defendant Alexander CT Page 3491 Constantini's interest in the subject property to the defendant Patricia Constantini is dated October 28, 1988 and recorded in the Milford Land Records on November 2, 1988.
Thereafter on December 5, 1988 a judgment in the amount of $9222.68 was obtained against Alexander Constantini by the plaintiff William Daley and a judgment lien was recorded on the Milford Land Records on December 7, 1988 against the property now owned solely by the defendant Patricia Costantini.
Since the transfer of Alexander Cosntantini's interest took place prior to the recording of any judgment lien the primary issue for the court to decide is whether the Judgment lien is valid, and if so, does it relate back to the attachment.
Section 52-38Oa (a) of the Connecticut General Statutes reads as follows:
 "A judgment lien securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording in the Town Clerk's Office in the town where the real property lies, a judgment lien certificate, signed by the judgment creditor or his attorney or personal representative, containing: (1) A statement of the names and last known addresses of the judgment creditor and judgment debtor, the Court in which and the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon; and (2) a description which need not be by metes and bounds, of the real property on which a lien is to be placed, and a statement that the lien has been placed on such property."
The judgment lien (plaintiff's Exhibit D) while it lists the respective towns within which the debtor and creditor allegedly reside it does not recite their last known addresses. In addition the lien merely recites the amount of the judgment lien but does not indicate the balance due, leaving anyone interested to possibly assume the amount of the judgment was the balance due. Section (b) of 52-380a is as follows:
 "(b) From the time of the recording of the recording of the judgment lien certificate, the judgment shall be a lien on the judgment debtors interest in the real property described. If, within four months of judgment, CT Page 3492 the lien is placed on real property which was previously attached in the action, the lien on that property shall hold from the date of the attachment, provided the judgment lien certificate contains a clause referring to and identifying the attachment, substantially in the following form. `This lien is filed within four months after judgment in the action was rendered and relates back to an attachment of real property recorded on (month) (day) (year) at Volume Page — of the land records."'
As for the judgment lien relating-back to the initial attachment.
We now find that the judgment lien (Plaintiff's Exhibit D) makes no reference to the Volume, page and town upon whose land records the attachment had been recorded.
Section 52-380 a(b) of the Connecticut General Statutes requires that there be substantial compliance with the form found therein.
Assuming for the sake of argument that substantial compliance of both Section 52-380a (a) and Section 52-380a
(b) is required the court must now determine whether there has in fact been substantial compliance. The plaintiff has failed to list on the face of his lien the last known addresses of the judgment debtor and creditor and the balance due on the lien and while they by themselves might not prove fatal, we must then consider that in addition the plaintiff has not indicated the Volume, page and town upon whose land records the judgment lien has been recorded. Furthermore, the evidence as submitted does not indicate compliance on the part of the judgment lienor with the provisions of Section 52-351a of the General Statutes.
Section 52-351a as it is pertinent, reads as follows:
 "When a lien is placed on any property. . . . . the judgment creditor shall send a copy of the lien, or of the paper so served, together-with a statement as to where the lien was filed. . . .to the judgment debtor at his last-known address by first class mail, postage prepaid"
In their entirety the court finds that there has not been substantial compliance with the provisions of Section52-380a (a) and Section 52-380a (b) of the General Statutes. The court therefore finds that the judgment lien does not CT Page 3493 relate back to the initial attachment. Judgment may enter for the defendant.
CURRAN, J.